RECEIVED
SEP 0 2 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RON STUART MARTIN | : | DOCKET NO. 09-1248-LC<br>SECTION "P" |
| VS. | : | JUDGE TRIMBLE |
| VERNON PARISH SHERIFF'S OFFICE, ET AL | : | MAGISTRATE JUDGE KAY |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein and after an independent review of the record, and a *de novo* determination of the issues, and consideration of the objections filed herein, and having determined that the findings are correct under applicable law; it is

**ORDERED** that plaintiff's civil rights complaint against Vernon Parish Sheriff's Office; Vernon Parish Police Jury; and, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER ORDERED** that all claims against Vernon Parish Sheriff John S. Craft, with the exception of plaintiff's claims against him in regard to the denial of exercise and outside activities, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and

(ii).[1]

**IT IS ALSO ORDERED** that plaintiff's claims for civil rights violations against defendant Vernon Parish Sheriff John S. Craft in regard to his alleged actions concerning the denial of exercise and outside activities be served in accordance with the court's orders.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of September, 2010.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

---

[1] The court notes that plaintiff filed an amended complaint [R.#27] on August 3, 2010. On August 25, 2010, he filed an objection [R. #28] to this court's Report and Recommendation [R. #15]. The amended complaint was considered by the court prior to rendering this judgment. Of note, plaintiff's claim regarding the alleged insufficiency of VPJ's law library falls squarely under the court's access to court discussion contained in the report and recommendation. Like plaintiff's claims regarding his legal mail, his allegations regarding the law library fail to raise a claim of denial of access to the courts. As such, they are dismissed.

Additionally, plaintiff's fourth amendment claim that the searches of his cell were done maliciously and thus were unreasonable likewise fail. The Supreme Court has held that random searches of inmates individually or collectively, and their cells and lockers are valid and necessary to ensure the security of the institution and the safety of inmates and all others within its boundaries. This type of search allows prison officers flexibility and prevents inmates from anticipating, and thereby thwarting, a search for contraband. See Hudson v. Palmer, 468 U.S. 517, 529, 104 S.Ct. 3194, 82 L.Ed.2d 393 (U.S.1984), citing Marrero v. Commonwealth, 222 Va. 754, 757, 284 S.E.2d 809 (1981). The Hudson Court held that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells. Therefore, Plaintiff's argument is meritless.