# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| RON STUART MARTIN | : | DOCKET NO. 09-1248-LC SECTION P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| VERNON PARISH SHERIFF'S OFFICE, ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed on behalf of defendant, John S. Craft, Sheriff of Vernon Parish, Louisiana (hereinafter "Defendant"). (Doc. 30). This motion is opposed by petitioner, Ron Stuart Martin (hereinafter "Petitioner").

After considering the motion and memoranda submitted by the parties, the court has determined that the Motion to Dismiss should be considered a Motion for Summary Judgment and should be GRANTED.

### Background

Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on July 22, 2009. At the time of filing, petitioner was a pre-trial detainee and housed at Vernon Parish Jail (VPJ) in Leesville, Louisiana. He named the following as defendants: Vernon Parish Sheriff's Office; Vernon Parish Sheriff John S. Craft; Vernon Parish Police Jury; and, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. His original complaint very broadly claimed that a number of his civil rights had been violated. Among these were the overcrowding of inmates resulting in them sleeping on the floor, being served an unhealthy diet, the lack of the

1

opportunity to exercise and to go outside, taking of personal property during cell searches, excessively cold temperatures in the cells, legal mail being opened, the denial of medical services, use of excessive force, and the lack of response to grievances.

Based on the insufficient information contained in plaintiff's original complaint, this court issued a memorandum order directing plaintiff to amend his complaint and cure the noted deficiencies. (Doc. 13) Plaintiff filed a response to the memorandum order on January 22, 2010. (Doc. 14) He also filed attachments to the response.

After reviewing the information submitted and on June 15, 2010, this court issued a Report and Recommendation recommending that the civil rights complaint against the Vernon Parish Sheriff's Office, Vernon Parish Police Jury, and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc be dismissed with prejudice. The Report and Recommendation further recommended that all claims against Vernon Parish Sheriff John S. Craft be dismissed with the exception of petitioner's claim in regard to the denial of exercise. A judgment adopting the Report and Recommendation was signed on September 2, 2010. (Doc. 29). Defendant, Vernon Parish Sheriff John S. Craft, was served with the complaint and responded by filing the present Motion to Dismiss.

## Standard of Review

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When considering a Rule 12(b)(6) motion to dismiss, the court must generally limit its review to the pleadings. However, in *Collins v Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir.2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that such consideration is limited "to documents that are referenced to

in the plaintiff's complaint and are central to the plaintiff's claim." *Id.* In the present case, defendant has submitted affidavits as well as other exhibits outside of the pleadings in support of his motion to dismiss. Thus, his motion will be treated as a motion for summary judgment pursuant to Rule 56. *See* Fed. R.Civ.P. 12(d). *Kennedy v Chase Manhattan Bank USA,* 369 F.3d 833, 839 (5th Cir.2004).

Furthermore, as more than ten days have elapsed since the date this matter was filed and plaintiff has had the opportunity to respond to the motion, the court is not required to provide "express notice" of its decision to convert the motion to dismiss to a summary judgment motion. *Hagar v. NationsBank N.A.,* 167 F.3d 245, 247, n.1 (5thCir. 1999), *Thuy Hoa Ngo v. Bach Van Ha Thi* 2010 WL 2772507 *3 (W.D.La 2010).

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed.R.Civ.Proc. 56(b). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

As stated by the Fifth Circuit in *Lindsey v. Sears Roebuck & Co.,* 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Citations omitted.

The plain language of Rule 56(c) *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 884 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

**Eighth Amendment Violation**

In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave' to form the basis of an Eighth Amendment violation." *Id*. (*quoting*, *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, *Wilson*, 111 S.Ct. at 2327, as well as adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and protection from physical abuse by other inmates, *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811.

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 114 S.Ct. at 1979. A prison official's culpability is measured by deliberate indifference which is defined as *knowing and disregarding an excessive risk to inmate health or safety*. *Farmer,* 114 S.Ct. at 1979 (emphasis added). Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and . . . that they actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001)(*quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Farmer,* 114 S.Ct. at 1978 ("deliberate indifference entails something more than mere negligence...").

In the present case, plaintiff complains that during his confinement at VPJ he was denied the opportunity to exercise and to go outside. The law is clear that under the Eighth Amendment an inmate has the constitutional right to be free from exposure to cruel and unusual conditions of confinement. While the Eighth amendment does not mandate "comfortable prisons", *Rhodes v Chapman,* 452 U.S. 337, 349, 101 S.Ct 2392, 69 L.Ed.2d 59 (1981), the Constitution imposes upon prison officials only minimal requirements in the treatment and facilities they provide to prisoners. *Farmer v. Brennan,* 114 S.Ct. at 1977.

An inability to engage in physical exercise, if it extends for a sufficient time, may violate the Eighth Amendment if the deprivation amounts to deliberate indifference by prison officials to

a substantial risk of serious harm. Neither the Supreme Court nor the Fifth Circuit have specifically held that prisoners enjoy an absolute right to *outdoor* exercise. *See Green v. Ferrell,* 801 F.2d 765, 771-72 (5th Cir. 1986). The Fifth Circuit has held that deprivation of exercise is not automatically a constitutional violation, but confinement for long periods of time without *any* exercise may constitute cruel and unusual punishment. *Maze v. Hargett,* 200 F.3d 814 (5th Cir. 1999). In determining whether an inmate is being afforded an adequate opportunity to exercise, the court must generally consider the size of the inmate's cell, the amount of time the inmate spends locked in his cell each day, and the overall duration of confinement. *Green*, 801 F.2d at 771.

Petitioner contends that he is not allowed the opportunity to exercise and is not allowed to go outside. (Doc. 1, p. 4, Doc. 32, p. 1-2) He complains that overcrowding at the jail prevents him from exercising and that he is only allowed to go outside for doctor's visits or court. (Doc. 14. Pgs. 8-9). As a result he seeks compensatory damages for mental anguish and suffering, punitive damages, costs for bringing this lawsuit and any other damages allowed by law. Doc. 11, ¶ 1). He alleges he suffered "extreme psychological, emotional, mental, physical, and health damages, including lack of energy, dizziness, weight loss, etc." (Doc. 14, pgs. 2, 9,).

In response, Defendant submits affidavits of Calvin Turner, Chief Deputy Sheriff of Vernon Parish and David Causey, Deputy Sheriff and Warden of the Vernon Parish Jail. (Doc. 30, Att. 2, pgs. 1-5, Doc 30, Att. 7, pgs. 1-3). Both affidavits attest to the fact that the Vernon Parish Police Jury, which owns the Vernon Parish Jail, does not provide any indoor or outdoor facilities for exercise by inmates. However, according to the affidavits, prisoners are allowed to exercise in their cells, the hallway and in the dayroom. The prisoners have access to the hallway and dayroom areas at least sixteen hours a day, seven days a week. Attached to the affidavits is a

diagram depicting the cell block occupied by petitioner. (Doc. 30, Att. 6, p. 1) According to the diagram, petitioner's cell measures eight feet seven inches by six feet five inches, the hallway four feet by thirty-two feet, and the L shaped dayroom twenty feet six inches at its longest length and twelve feet ten inches at its longest width. *Id.* Although furniture and bedding occupy some of the space within the cell and dayroom, the affiants attest to the fact that there is ample room to perform exercise. Petitioner concedes that he is allowed to move about within his cell and the day room. It appears that the main focus of his complaint is that he is not allowed to exercise outdoors.

In the Fifth Circuit case of *Green v. Ferrell, supra,* the court upheld a prison restriction which did not allow outdoor exercise to the inmate plaintiffs. The court found that plaintiffs who were serving relatively short prison terms and were allowed out of their cell 5 hours per day in a large common room did not establish a violation of the Eighth Amendment. Similarly, in *Jackson v. Cain,* 2009 WL 565718 (M.D.La.), plaintiff, who was held for 3 ½ months without outdoor exercise while awaiting space at his assigned housing unit did not state a viable constitutional claim. The court found that since he did not allege that he was deprived of an opportunity to walk on his tier outside of his cell nor did he assert that he was unable to perform exercises within his cell, there was no violation of the Eighth Amendment. *Id.* at *3. In contrast, in *Maze v Hargett, supra,* the court found liability and awarded a nominal sum where an inmate spent twenty-three hours a day in his cell. Plaintiff in that case was sentenced to 120 years and was on lock down status  The court noted that while plaintiff may not have suffered serious injury at the time, if prison officials continued to deny him adequate exercise for the remainder of his sentence he would suffer physical harm. *Id.* at *4.

In the case of *Goldman v. Stalder,* 2007 WL 1521469 *6, n. 1. (W.D.La.), although decided on a due process rather than Eighth Amendment claim, the court found that plaintiff who was in disciplinary confinement for approximately one year in a two-man cell with one hour of exercise per day outside of his cell, but not outdoors, did not state a valid constitutional claim.

In this case, plaintiff was free to exercise or move about for sixteen hours a day within adequate spacial confines, albeit, not outdoors. However, there are no outdoor facilities in existence at the VPJ and case law does not mandate a right to outdoor exercise. It is therefore clear that plaintiff's complaints do not amount to a denial of "a minimal measure of life's necessities" and we find that summary judgment should be granted on this issue.

Furthermore, the allegations do not show that officials acted with deliberate indifference to the prisoner's conditions or that the actions involved an "unnecessary and wanton infliction of pain." *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer,* 114 S.Ct. at 1984. Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

The law is clear that "[n]o Federal civil action may be brought by a prisoner confined in a … correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Petitioner's conclusive allegations that he suffered "extreme psychological, emotional, mental, physical, and health damages, including lack of energy, dizziness, weight loss, etc." are unsupported by the record. He has failed to show

that these conditions pose a substantial risk of any serious harm. There is no genuine issue as to whether petitioner suffered a "serious illness or injury" sufficient to constitute a constitutional violation and for these additional reasons, we recommend that summary judgment be granted.

For all the above reasons,

IS IT RECOMMENDED that defendant's motion to dismiss, converted to a motion for summary judgment be GRANTED and that petitioner's complaint be DISMISSED.

IT IS FURTHER RECOMMENDED that petitioner's Motion for a Jury Trial (Doc. 33) be DENIED.

IT IS FURTHER RECOMMENDED that petitioner's Motion for a Default Judgment (Doc. 37) be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 27th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE